UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GUILLERMO SOLORIO,

Plaintiff,

v.

GAVIN NEWSOM, et al.,

Defendants.

No. 2:25-cv-03330-WBS-EFB (PC)

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a former state prisoner currently serving a federal sentence in federal custody who proceeds pro se in an action brought under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). In addition to filing the complaint, plaintiff has filed a motion to proceed in forma pauperis (ECF No. 2), motions for appointment of counsel and class certification (ECF No. 7), and a motion for a temporary restraining order/preliminary injunction (ECF No. 6). For the following reasons, the court finds service of the complaint appropriate. The court will deny the motion for counsel and recommend that the motions for class certification and preliminary injunctive relief be denied.

In Forma Pauperis Application

Plaintiff's applications make the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. §

1915(b)(1) and (2).

Motion for Appointment of Counsel

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. *Id.* Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Plaintiff argues that counsel should be appointed because the case deals with both state and federal officials, may have 30-50 plaintiffs, and may result in an injunction. He also argues that he is a legal novice who is indigent and has limited access to a law library. However, the court recommends, below, that plaintiff's motion to certify this case as a class action be denied. Plaintiff's claims are not particularly complex. Having considered the factors under *Palmer*, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Screening Order

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

This standard is echoed in 28 U.S.C. § 1915(e)(2), which requires that courts dismiss a case in which a plaintiff proceeds in forma pauperis at any time if it determines, among other things, that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." "[The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (discussing the predecessor to modern § 1915(e)(2), former § 1915(d)). Thus, § 1915(e)(2) allows judges to dismiss a claim based on factual allegations that are clearly baseless, such as facts describing "fantastic or delusional scenarios." *Id.* at 327-38.

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Plaintiff's claims revolve around his transfer from California state prison to federal prison following his conviction on a federal racketeering charge. ECF No. 1. According to plaintiff, he and twelve other inmates were released from a secure housing unit (SHU) in Pelican Bay State Prison in 2015 following a hunger strike, the settlement in *Ashker v. Newsom*, N.D. Cal. Case No. No. 09-cv-05796 CW, and good behavior.[1] *Id.* at 14-15, 18. Plaintiff, who was serving an indeterminate life term following a first-degree murder conviction in California state court, was transferred to Salinas Valley State Prison's general population, "where he received more privileges, walked around freely unescorted, [received] contact visits with family and friends, phone calls, more commissary, rehabilitation programs, a prison job with pay, etc." *Id.* at 18.

In 2021, plaintiff was charged with federal racketeering offenses and transferred to federal custody in the U.S. Penitentiary, Atwater's SHU. *Id.* Plaintiff was convicted of a racketeering conspiracy charge in 2025. *Id.* at 19. He complains that, prior to his conviction, CDCR "underhandedly and unlawfully" relinquished primary jurisdiction of plaintiff and twelve other inmates[2] to the Bureau of Prisons (BOP) through "letters of agreement." *Id.* at 19-20. Plaintiff claims that the letters of agreement contained falsehoods asserting that plaintiff was a validated gang leader involved in criminal activity while in custody. *Id.* at 20. The letters stated that plaintiff and the other inmates required "the most restrictive confinement conditions available." *Id.* at 21. According to plaintiff, a confidential informant named Juan Soto "told the federal government that a CDCR officer with major involvement in plaintiff's federal investigation confirmed the existence of a 'plan to go after people who had gotten out of the sun.'"[3] *Id.* at 23.

/////

---

[1] In *Ashker*, a class of prisoners challenged their SHU confinement, and CDCR agreed to a settlement that resulted in the release of the prisoners into the general prison population.

[2] Plaintiff identifies the other inmates as: David Cervantes, James Perez, George Franco, Trinidad Martinez, Bryan Robledo, Salvador Castro, Eduardo Rodriguez, Alex Yrigollen, Robert Maldonado, Steven Trujillo, Antonio Guillen, and Samuel Luna. ECF No. 1 at 19.

[3] The court assumes that "sun" is a typo or word-processing autocorrection of SHU.

Plaintiff alleges that, in the federal prison SHU, he cannot purchase food or hygiene items at the commissary; receives only one 15-minute phone call per month; is shackled and placed behind glass during visits; is not permitted a razor, television, radio, or tablet; cannot receive books, magazines or newspapers through the mail; receives only five hours of yard time per week; must use a rubber "dog" toothbrush; cannot access state-law material necessary to work on his state case; and can only use a pen when he is taken to the library once a week for one hour. *Id.* at 25.

Plaintiff claims that his transfer from state to federal custody violated his First Amendment right to be free from retaliation for having exercised first amendment rights leading to the settlement in *Ashker v. Newsom,* and his 14th Amendment due process and equal protection rights.

To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Conduct protected by the First Amendment includes communications that are "part of the grievance process." *Brodheim v. Cry*, 584 F.3d 1262, 1271 n.4 (9th Cir. 2009).

Plaintiff claims that defendants Gavin Newsom (California governor), Kathleen Allison (CDCR Secretary), Edgardo Ramos (Senior Special Agent for CDCR's Office of Correctional Safety), Taylor Foss (Warden of Salinas Valley State Prison), Drew Bittner (CDCR correctional officer), William K. Marshall III (Director of BOP), J. Doerer (Warden of USP-Atwater), and Mark Kloc ("Head of U.S. Marshal") retaliated against him for "exercising his legal rights of access to courts and protesting through a peaceful hunger strike in advocating for better change in SHU conditions and ending gang classification." *Id.* at 27. Construed liberally, and for the limited purpose of § 1915A screening only, plaintiff has stated potential retaliation claims against

all defendants.[4]

Plaintiff has also sufficiently alleged, for purposes of § 1915A only, that his transfer to federal SHU custody imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life such that some process was potentially constitutionally required. *Wilkinson v. Austin*, 545 U.S. 209, 222-23 (2005).

The Fourteenth Amendment's Equal Protection Clause is "essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). To state an equal protection claim that is not based on membership in one of certain protected classes (e.g., race, sex)[5], a plaintiff must allege that similarly situated individuals were intentionally treated differently without a rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Such claims are often referred to as "class of one" equal protection claims. *Engquist v. Oregon Dep't of Agriculture*, 553 U.S. 591, 601-02 (2008) (exempting certain discretionary government decisions from "class of one" equal protection challenges).

Plaintiff alleges that other similarly situated California prisoners were not transferred to federal custody. ECF No. 1 at 31. By "similarly situated," the complaint implies that these other California prisoners were also convicted of federal offenses, but state and federal authorities opted to house them in state prison for the duration of their state sentences rather than transfer them to the BOP. Plaintiff alleges that defendants singled out "the small group of prisoners who were SHU kickouts due to the Ashker settlement for transfer." *Id.* Liberally construed, and for the purpose of § 1915A screening only, plaintiff has stated a potential equal protection claim against defendants.

////

////

---

[4] This determination is, of course, without prejudice to subsequent, fully briefed motions by defendants under Rules 12 and/or 56 of the Fed. R. Civ. P.

[5] Plaintiff does not allege that he was intentionally discriminated against based on his membership in a protected class, a different type of equal protection claim. *See City of Cleburne*, 473 U.S. at 440-41.

Motion for Class Certification

Plaintiff asks the court to certify a class of all prisoners transferred from CDCR to BOP without due process under the same circumstances as plaintiff. ECF No. 7. Plaintiff's brief motion fails to make an adequate showing of numerosity, commonality, typicality, and adequacy, as required by Federal Rule of Civil Procedure 23(a)(1). Moreover, a pro se plaintiff cannot represent a class. *Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995). The court has found that plaintiff has not presented extraordinary circumstances warranting appointment of counsel. As plaintiff has not retained counsel, he cannot obtain class certification.

Motion for Temporary Restraining Order

Plaintiff seeks a preliminary injunction and/or temporary restraining order mandating his return to CDCR. ECF No. 6. A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A); *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997) ("The standards for granting a temporary restraining order and a preliminary injunction are identical."); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co*., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order). The purpose of the order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974).

To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7 (2008)). Plaintiff's brief motion fails to make a showing sufficient on any of these grounds that would justify preliminary injunctive relief. It is too early in the case to determine plaintiff's probability of success, and the facts alleged in the complaint suggest the possibility that his transfer to federal authorities was undertaken for legitimate reasons.

Accordingly, the motion should be denied.

Order and Recommendation

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 7) is denied without prejudice.
2. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED.
3. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the custodial agency filed concurrently herewith.
4. The complaint states, for purposes of § 1915A only, potentially cognizable retaliation, due process, and equal protection claims against all defendants.
5. The court will provide for service of the complaint on the state and federal defendants in forthcoming orders.

It is further RECOMMENDED that plaintiff's motions for class certification (ECF No. 7) and temporary restraining order (ECF No. 6) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 14, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE